IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CYNTHIA HULL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| EQUABLE ASCENT FINANCIAL, LLC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

### COMPLAINT

NOW COMES the Plaintiff, CYNTHIA HULL, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, EQUABLE ASCENT FINANCIAL, LLC., Plaintiff states as follows:

#### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

#### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

#### III.   PARTIES

4. CYNTHIA HULL, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Bellevue, County of Sarpy, State of Nebraska.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to GE Capital Corporation (hereinafter, "the Debt").

6. The Debt was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. EQUABLE ASCENT FINANCIAL, LLC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Nebraska. Defendant is registered as a limited liability company in the State of Illinois.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.     ALLEGATIONS

14. Prior to May 3, 2012, Defendant sent, transferred and/or otherwise assigned the Debt to a third-party for collection.

15. Prior to May 3, 2012, the third-party collecting the Debt on behalf of Defendant was Rausch, Strum, Israel, Enerson & Hornik, LLC (hereinafter, "Rausch").

16. In or around May 2012, upon information and belief, Defendant authorized Rausch to settle the Debt with Plaintiff.

17. In or around June 2012, Plaintiff and Rausch entered into a settlement agreement relative to the Debt.

18. On or about June 30, 2012, Plaintiff made a payment to Rausch in the amount of $1,200.00 relative to the Debt.

19. On or about June 30, 2012, Rausch accepted the $1,200.00 payment made by Plaintiff.

20. The payment made by Plaintiff to Rausch, on or about June 30, 2012, was made in accordance with the aforesaid settlement agreement entered into between Plaintiff and Rausch, as delineated above.

21. As of on or about June 30, 2012, subsequent to Plaintiff having made a payment to Rausch in the amount of $1,200.00, as delineated above, Plaintiff no longer owed the Debt pursuant to the terms of the settlement agreement entered into between Plaintiff and Rausch.

22. As of on or about June 30, 2012, the Debt had been settled in full.

23. As of on or about June 30, 2012, Plaintiff no longer owed any funds relative to the Debt.

24. On or about July 9, 2012, Rausch sent Plaintiff a correspondence relative to the Debt. (See a true and exact copy of said correspondence, dated July 9, 2012, attached hereto as **Exhibit A**).

25. In the correspondence, dated July 9, 2012, Rausch told Plaintiff that the account relative to the Debt had been paid in full.

26. Upon information and belief, prior to September 17, 2012, Rausch informed Defendant that Plaintiff had compiled with the terms of the settlement agreement relative to the Debt.

27. Upon information and belief, prior to September 17, 2012, Rausch informed Defendant that Plaintiff no longer owed the Debt.

28. Upon information and belief, prior to September 17, 2012, Defendant was cognizant that Plaintiff no longer owed the Debt.

29. Upon information and belief, prior to September 17, 2012, Defendant was cognizant that Plaintiff had settled the Debt in full.

30. On or about September 17, 2012, Plaintiff viewed her consumer report and ascertained that Defendant was reporting the Debt to Experian, a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f) of the Fair Credit Reporting Act.

31. On or about September 17, 2012, Defendant was reporting to Experian that Plaintiff owed a balance of $959.00 relative to the Debt.

32. At the time Defendant reported that Plaintiff owed the Debt in the amount of $959.00, Plaintiff no longer owed the Debt.

33. At the time Defendant reported that Plaintiff owed the Debt in the amount of $959.00, Plaintiff had settled the Debt in full.

34. By communicating to a consumer reporting agency that Plaintiff owed $959.00 relative to the Debt, as delineated above, Defendant reported false credit information about Plaintiff given that at the time Defendant reported Plaintiff owed $959.00 relative to the Debt, the Debt had been settled in full.

35. By communicating to a consumer reporting agency that Plaintiff owed $959.00 relative to the Debt, as delineated above, Defendant reported false credit information about Plaintiff given that at the time Defendant reported Plaintiff owed $959.00 relative to the Debt, Plaintiff no longer owed the Debt.

36. By communicating to a consumer reporting agency that Plaintiff owed $959.00 relative to the Debt, as delineated above, Defendant misrepresented the character, nature and/or legal status of the Debt as a debt on which Plaintiff owed money even though the Debt had been settled in full.

37. Defendant's representation to the consumer reporting agency that Plaintiff owed $959.00 relative to the Debt, as delineated above, was false, deceptive and/or misleading given that at the time Defendant made said representation Plaintiff no longer owed the Debt.

38. In its attempts to collect the Debt, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   c. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

5

    d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10); and,

    e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

39. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.  JURY DEMAND

40. Plaintiff hereby demands a trial by jury on all issues so triable.

41. The Plaintiff, CYNTHIA HULL, by and through her attorneys, SMITHMARCO, P.C., and pursuant to Nebraska Civil Rule 40.1(b), hereby respectfully requests that the trial of this matter proceed in either Omaha or Lincoln.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CYNTHIA HULL, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

    Respectfully submitted,
    **CYNTHIA HULL**

By:    s/ David M. Marco
      Attorney for Plaintiff

Dated: November 8, 2012

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:        dmarco@smithmarco.com